UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REMOI CAMPBELL,

    Petitioner,

v.                                Case No.:   2:23-cv-973-SPC-KCD

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Petitioner Remoi Campbell's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Campbell was convicted of aggravated battery with a deadly weapon and is serving a prison sentence in the Florida Department of Corrections. The Court reviews Campbell's petition under Rule 4 of the Rules Governing Section 2254 Cases.

The Antiterrorism Effective Death Penalty Act (AEDPA) governs this action. 28 U.S.C. § 2254. Federal habeas relief may be granted only on a claim adjudicated on the merits in state court if the adjudication:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).

This is Campbell's second habeas petition, and it must be dismissed for the same reasons as his first. Even when construed liberally, the Petition does not allege any grounds for federal habeas relief. Campbell uses the questions on the habeas petition form as prompts for musings about his experiences in the justice system. It reads more like a diary than a legal pleading. While writing down his stream-of-consciousness thoughts might be therapeutic, it is not a strategy for success in federal court. Campbell is plainly not entitled to habeas relief based on the Petition because it does not state anything the Court can construe as a habeas claim. The Court will thus dismiss the Petition. *See* Section 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]"

Second, the Petition—like Campbell's first habeas petition—does not demonstrate that Campbell has exhausted any post-conviction claims in state court. AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law. Failure to exhaust occurs "when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's

2

highest court, either on direct appeal or on collateral review." *Pope v. Sec'y for Dep't. of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010)). Campbell was convicted in 2017, so Florida's statute of limitations might preclude Campbell from seeking state post-conviction relief in state court. Nevertheless, the Court will dismiss this action without prejudice to allow Campbell to exhaust any federal habeas claim in state court.

Accordingly, it is now

**ORDERED:**

Remoi Campbells' Petition (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate any motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 3, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3